OPINION.
Richardson, J.,
delivered the opinion of the court:
The claimant was one of the sureties on the bond of a contractor who had entered into an agreement with the defendants to perform certain work on a public improvement on the Mississippi River, in the harbor of New Orleans.
The contractor having failed to prosecute the work to the satisfaction of the defendants’ officers, his contract was annulled by their order on that account. The claimant, who, as such surety, was under liability to the defendants for damages for breach of contract on the part of his principal, if any damages were done thereby, was permitted to assume the contract himself in the place of his principal, and thereafter to go on with the work as though he had been the original and sole contractor.
Relying upon the obligations of the defendants thus renewed and entered into with him, the claimant made extensive preparations in procuring boats, tools, apparatus, and materials for the prosecution of the work, entered actively upon the duties he had undertaken, and expended large sums of money therefor, and for work and labor in the prosecution of the projected improvement.
While in the midst of his undertaking, without fault on his part, but because it was found by the defendants’ officers that the plan of improvement would not accomplish the object intended, the claimant was notified by the Secretary of War that all operations for improving the harbor of New Orleans under the existing plan were at once discontinued, and thereupon he ceased to proceed further with the work.
The findings show that the actual expenditures of the claimant up to that time, together with his unavoidable losses on the materials on hand, amounted to the sum of $33,192.20. Nothing was paid to .him. Instead of settling his account in the Department, the Secretary of War transmitted the case to this court, *699 under Revised Statutes, § 1063, thdt.the amount duebim might be judicially determined.
The court has been unable to determine from the evidence, and on account of the peculiarity of the work and the difficulty, if not impossibility, of demonstrating what it would have cost to complete the contract, whether vof not the claimant would have made any profits beyond his expenditures had he been permitted to go on with it to the end-
Whatever rule may be adopted in calculating the damages to a contractor when, without his fault, the other party, during its progress, puts an end to the contract before completion, the object is to indemnify him for his losses sustained and his gains prevented by the action of the party, in fault, viewing these elements with relation to each, other. The profits and losses must be determined according to the circumstances of the case and the subject-matter of the contract. The reasonable expenditures already incurred, the unavoidable losses incident to stoppage, the progress attained, the unfinished part, and the probable cost of its completion, the whole contract price, and the estimated pecuniary result, favorable or unfavorable to him, had he been permitted or required to go on and complete his contract, may be taken into consideration, (Sickels's Case, 1 C. Cls. R., 214; Speed’s Case, 2 ibid., 429, affirmed on appeal, 8 Wall., 77, and 7 C. Cls. R, 93; Wilder’s Case, 5 C. Cls. R., 468; Bulkley’s Case, 7 ibid., 543, 19 Wall., 37, and 9 C. Cls. R., 81; Parish’s Case, 100 U. S. R., 500; Field’s Case, 16 C. Cls. R., 434; Moore & Krone’s Case, 17 ibid., 17; Power’s Case, decided at this term (ante, 263); Masterson v. City of Brooklyn, 7 Hill, 71.)
The amount of the claimant’s unavoidable expenditures and losses already incurred are set forth in the findings. But we can give him nothing on account of prospective profits, because none have been proved. So, for the same reason, we can deduct nothing from his expenditures on account* of prospective losses which he might have incurred had he not been relieved from completing his contract. This leaves his expenditures as the only damages proved to have resulted to him from the defendants’ breach of contract, and are therefore the proper measure of damages under all the citrcumstances of the case.
The judgment of the court is that the claimant recover the sum of $33,192.20.