Williams, Judge,
delivered the opinion of the court:
The plaintiffs sue to recover damages accruing to them, from the alleged breaching, without fault on their part, of a contract made and entered into July 1, 1921, by and between the plaintiffs and the defendant, under the terms of which the plaintiffs agreed to accept for instruction for the period from July 1, 1921, to July 1, 1922, up to the limit of the capacity of the Lincoln Institute for Yocational Education, in courses approved by the bureau, such persons discharged from the military and naval service entitled to training under the vocational rehabilitation act, as might be designated by the bureau during the aforesaid period, and for which services the plaintiffs were to receive stated sums set out in the contract.
Upon the facts, as they have been determined by the court in the foregoing special findings, the plaintiffs are entitled to recover. The contract in question is valid, having been executed on behalf of the defendant through a duly authorized agent of the Federal Board for Vocational Education, and duly approved by the said board. The contract was, without fault on the part of plaintiffs, breached by the defendant, whereby its complete performance by the plaintiffs was prevented, although the plaintiffs were ready, willing, and able to perform.
The plaintiffs are entitled to recover the losses which they sustained and the profits which they would have realized had they been permitted to complete the performance of the contract. Behan v. United States, 18 C. Cls. 687; United States v. Behan, 110 U. S. 338.
In Behan v. United States, supra, this court in discussing damages which the plaintiffs may recover where a contract is breached by a defendant preventing its performance said:
*719 “Whatever rule may be adopted in calculating the damages to a contractor when, without his fault, the other party, during its progress, puts an end to the contract before completion, the object is to indemnify him for his losses sustained and his gains prevented by the action of the party in fault, viewing these elements with relation to each other.”
The Supreme Court in affiirming the decision of this court (United States v. Behan, supra), said:
“ If the breach consists in preventing the performance of the contract, without the fault of the other party, who is willing to perform it, the loss of the latter will consist of two distinct items or grounds of damage, namely: First, what he has already expended towards performance (less the value of materials on hand); secondly, the profits that he would realize by performing the whole contract.”
The plaintiffs’ losses by reason of the breaching of the contract have been definitely established. Such losses as shown by the findings are:
1. Loss on depreciated value of machinery and equipment (Finding VIII)_$32,967.87
2. For tuition and supplies for Mareli 12 and 13, 1922 (Finding IX)_ 276.47
3. Loss of profits the plaintiffs would have derived from full performance of contract (Finding X)_ 27, 786.28
The plaintiffs are, therefore, entitled to recover the sum of $61,030.62, and judgment for that amount is hereby awarded. It is so ordered.
Littleton, Judge; GREEN, Judge; and Booth, Chief Justice, concur.
Whalev, Judge, toot no part in the decision of this case.